# Emody v. Commonwealth.

(Decided October 30, 1931.)

A. J. MAY, E. L. ALLEN, O. C. HALL, and OSCAR TABORY for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Jack Emody was jointly indicted with Joseph Schuster, Steve Tarkaney, Stanley Bob, and John Proboco for the murder of Sam Adams, and on a separate trial was found guilty, and his punishment fixed at life imprisonment. He has appealed, and this is a companion case to that of Steve Tarkaney v. Commonwealth, 240 Ky. —, 42 S. W. (2d) —, this day decided.

The evidence upon which the commonwealth must rely for conviction in this case is practically the same as in the Tarkaney case. There is, however, introduced in the evidence a written statement which was signed by appellant prior to the time he testified. We have examined this statement, and find nothing therein in any way implicating appellant, but it relates entirely to facts and circumstances having a tendency to implicate Tarkaney, Proboco, and Schuster.

While the Attorney General and his assistant who prepared the brief on behalf of the commonwealth express doubt as to whether Emody told the truth in every particular when he testified, they very frankly admit that there is not sufficient evidence to establish his guilt. They state in their brief that perhaps the strongest proof in the record against the appellant is the statement he made to the officers, when he was arrested. When informed that he and his codefendants were charged with killing Sam Adams, he asked, "Where is Mr. Schuster?" or "Have you got Mr. Schuster?" We find that that statement discloses nothing more than a desire upon part of appellant to know if others charged with the murder had been apprehended. At least, there

is nothing in the statement that could be construed as an admission of guilt.

Upon a careful consideration of the entire record, we have reached the same conclusion as did the Attorney General and his assistant, and, upon the authority of the opinion in the Tarkaney case, supra, the judgment of the lower court is reversed and all other questions are reserved, and this cause is remanded for a new trial consistent with this and the opinion in the Tarkaney case.

Whole court sitting.